IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MAYTHAM AL-TAIE, | * | |
| Plaintiff, | * | |
| v. | * | Civil No. TJS-20-0298 |
| SEVEN C'S BUILDING MAINTENANCE, INC., | * | |
| | * | |
| Defendant. | | |
| * * * * * * | | |

**MEMORANDUM OPINION**

Pending before the Court are the cross-motions for summary judgment filed by Defendant Seven C's Building Maintenance, Inc. ("SCBM") (ECF No. 24) and Plaintiff Maytham Al-Taie ("Al-Taie") (ECF No. 25).[1] The matter has been fully briefed (ECF Nos. 24, 25 & 26) and no hearing is necessary. *See* Loc. R. 105.6. For the following reasons, SCBM's motion will be granted.

**I.     Background**

Al-Taie filed his Complaint in the Circuit Court for Prince George's County, Maryland. ECF No. 5. SCBM removed the case to this Court. ECF No. 1. Subject matter jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332. Because the Court's jurisdiction is based on diversity, the Court must apply the choice of law rules of Maryland. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). Maryland adheres to the *lex loci delicti* rule to determine the applicable law in tort actions. *Philip Morris, Inc. v. Angeletti*, 358 Md. 689, 744

---

[1] In accordance with 28 U.S.C. § 636(c), all parties have voluntarily consented to have the undersigned conduct all further proceedings in this case, including trial and entry of final judgment, and conduct all post-judgment proceedings, with direct review by the Fourth Circuit Court of Appeals, if an appeal is filed. ECF No. 12.

(2000). Under this rule, the "substantive tort law of the state where the wrong occurs governs." *Hauch v. Connor*, 295 Md. 120, 123 (1983). Because the alleged tort took place in Washington, D.C., the law of Washington, D.C. governs Al-Taie's negligence claim.[2]

These facts are presented in the light most favorable to Al-Taie because he is the non-moving party. *Perkins v. Int'l Paper Co.*, 936 F.3d 196, 205 (4th Cir. 2019). In August 2016, Al-Taie began his employment at the Trump International Hotel in the District of Columbia. On March 14, 2017, Al-Taie was working as a hotel front desk clerk and night auditor from 11:00 p.m. to 7:30 a.m. Al-Taie's responsibilities included checking guests in and out at the front desk and preparing for the next day shift. Between the hours of 2:00 a.m. and 4:00 a.m., Al-Taie would generally remain behind the front desk, but he would sometimes go to a back office to perform other duties. SCBM provided janitorial cleaning services to the Trump International Hotel. From his approximately seven months working at the hotel, Al-Taie knew that SCBM employees would mop the hotel's large, marble lobby floor during these same early morning hours. To accomplish this task, SCBM employees would mop the floor in sections.

At about 3:00 a.m., Al-Taie decided to go from the front desk to the back office. He observed SCBM employees mopping the marble lobby floor on one side of the front desk. Al-Taie left from the opposite side of the front desk to go to the back office. As he was walking toward this side of the front desk, he walked within several feet of a female SCBM employee holding a mop. Al-Taie stepped off the carpeted area behind the front desk onto the marble lobby

---

[2] The Court rejects SCBM's muddled arguments that Maryland's substantive law applies to Al-Taie's negligence claim. In similar cases, the Court has consistently applied Maryland's choice of law rules to find that the law of the place of injury applies to tort claims. *See, e.g.*, *Gibson v. Fort Myer Constr. Corp.*, No. PWG-19-1935, 2021 WL 1102330, at *2 (D. Md. Mar. 23, 2021) (applying District of Columbia law in a diversity case in which the tort occurred in Washington, D.C.).

floor by "hugging the wall" to avoid the wet areas of the marble floor, ECF No. 24-6 at 12, and "trying to stay in the area that [he] thought was still dry and had not been mopped and specifically to avoid the area further out that had been mopped." ECF No. 25-5 at 1. When he did so, Al-Taie slipped and fell on the wet marble floor that "was being mopped." ECF No. 24-6 at 12. Al-Taie explained that he decided to walk on the floor because he assumed the area he walked on was "different than in the area that the woman" was mopping. *Id.* Al-Taie did not see any warning signs of a wet floor or a mop bucket at the time of his fall. Al-Taie was injured.

The record contains a video of Al Taie's fall. *See* ECF No. 24-3. The Court has considered the video footage in the light most favorable to Al-Taie.

## II.     Analysis

### A.     Legal Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden is on the moving party to show the absence of any genuine dispute of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). If enough evidence exists for a reasonable jury to render a verdict for the party opposing the motion, then a genuine dispute of material fact is presented and summary judgment should be denied. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). But the "mere existence of a scintilla of evidence in support of the [opposing party's] position" cannot defeat a motion for summary judgment. *Id.* at 252.

The facts themselves, and the inferences to be drawn from the facts, must be viewed in the light most favorable to the opposing party. *Scott v. Harris*, 550 U.S. 372, 378 (2007); *Iko v. Shreve*, 535 F.3d 225, 230 (4th Cir. 2008). A party may not rest on the mere allegations or

denials of its pleading but must, by affidavit or other evidentiary showing, set out specific facts showing a genuine dispute for trial. Fed. R. Civ. P. 56(c)(1). Supporting and opposing affidavits are to be made on personal knowledge, contain such facts as would be admissible in evidence, and show affirmatively the competence of the affiant to testify to the matters stated in the affidavit. Fed. R. Civ. P. 56(c)(4). When the "record contains video footage that is not open to more than one interpretation and contradicts the non-movant's assertions, the Court 'view[s] the facts in the light depicted by the videotape.'" *Hall v. Washington Metro. Area Transit Auth.*, 33 F. Supp. 3d 630, 632 (D. Md. 2014) (quoting *Scott*, 550 U.S. 381). But if a video is unclear or ambiguous, the Court must adopt the non-movant's version of events for purposes of the motion for summary judgment. *Glascoe v. Sowers*, No. ELH-11-2228, 2013 WL 5330503, at *5 (D. Md. Sept. 20, 2013), *aff'd*, 570 F. App'x 344 (4th Cir. 2014).

    **B.**    **Contributory Negligence**

SCBM argues that it is entitled to summary judgment based on the doctrines of contributory negligence and assumption of risk. In his cross-motion, Al-Taie argues that he is entitled to summary judgment on the issue of assumption of risk. ECF No. 25-8.

In the District of Columbia, "a plaintiff who claims entitlement to damages for harm caused by the defendant's negligence must demonstrate (1) the defendant's duty to the plaintiff; (2) a breach of that duty; and (3) harm to the plaintiff, proximately caused by the defendant's breach." *Whiteru v. Washington Metropolitan Area Transit Auth.*, 480 F. Supp. 3d 185, 191 (D.D.C. 2020). Like Maryland, the District of Columbia is a contributory negligence jurisdiction. A plaintiff's contributory negligence "can act as a complete defense to the defendant's liability for negligence." *Jarrett v. Woodward Bros., Inc.*, 751 A.2d 972, 985 (D.C. 2000). A plaintiff is contributorily negligent when he "fail[s] to act with the prudence of an ordinary reasonable

person under the circumstances." *Queen v WMATA*, 842 F.2d 476, 479 (D.C. Cir. 1988) (citations and internal quotation marks omitted). As contributory negligence is an affirmative defense, it is the defendant's burden "to establish, by a preponderance of the evidence, that the plaintiff failed to exercise reasonable care." *Poyner v. Loftus*, 694 A.2d 69, 71 (D.C. 1997). The determination of whether a plaintiff is contributorily negligent is ordinarily a question of fact to be decided by a jury. *Paraskevaises v. Four Seasons Wash.*, 292 F.3d 886, 893 (D.C. Cir. 2002). But where the undisputed facts are clear, a court can determine the issue of contributory negligence as a matter of law. *Krombein v. Gali Service Industries, Inc.*, 317 F. Supp. 2d 14, 19-20 (D.D.C. 2004); *Fells v. WMATA*, 357 A.2d 395, 396 (D.C. 1976). "Only in exceptional cases will questions of negligence [and] contributory negligence . . . pass from the realm of fact to one of law. Unless the evidence is so clear and undisputed that fair-minded men can draw only one conclusion, the questions are factual and not legal." *Paraskevaides*, 292 F.3d at 893 (citation omitted).

      SCBM argues that it is entitled to summary judgment because Al-Taie was contributorily negligent. *Krombein* is instructive on this issue. 317 F. Supp. 2d at 14. There, the plaintiff got off the elevator on the eighth floor of the office building where she worked. As she exited the elevator, she entered a vestibule that gave her two options to walk to her office: a direct way to the left and a longer way to the right. The plaintiff was in no hurry to reach her office but nonetheless chose to walk to the left because the path was more direct. While standing in the vestibule, the plaintiff saw three individuals from the building's cleaning company, and "in their possession a mop and pail, with one of them moving the mop across the floor." *Id.* at 16. The plaintiff also saw wet floor signs in the hallway in front of her. By all indications, the floor of the left hallway was wet. Nonetheless, the plaintiff walked on the wet floor. After several steps, she

5

slipped and fell. The court entered summary judgment for the defendant because the plaintiff "walked where the ordinary reasonable person would fear to tread." *Krombein*, 317 F. Supp. 2d at 19. The court rejected the plaintiff's arguments (1) that "wet floor" signs are different from "do not enter" signs, and (2) that the reasonableness of her conduct was a jury question. *Id*.

Here, Al-Taie knew that the lobby of the hotel where he worked was made of marble, that marble is slippery when it is wet, that mopping a marble floor with a liquid cleaning solution or with water makes it wet, and that a person is at risk of falling if they walk on a slippery surface. Al-Taie also knew that SCBM's employees were mopping the lobby floor in the moments before he slipped on it. He testified that he saw two of SCBM's employees mopping the lobby while he was standing behind the reception desk. ECF No. 24-6 at 14-15. And a third employee can be seen in the video with a mop in her hand, standing directly in front of the area where Al-Taie slipped and fell. The Court credits Al-Taie's testimony that he did not see this third employee standing with a mop in the same area where he fell, as the Court must do at this stage. But what Al-Taie saw is not the only factor; the Court must consider how a reasonable person of ordinary prudence would act in a similar situation. The Court finds under this objective standard that a reasonable person who saw a marble hotel lobby being mopped would have proceeded cautiously before stepping onto the floor. A reasonable person with Al-Taie's knowledge that SCBM mopped the large lobby floor in sections would have taken care to observe or ask whether the section he was about to walk on was being mopped or was wet. A reasonable person would have noticed the SCBM employee standing directly in front of him with a mop and bucket. Even if the SCBM employee was not actively mopping the floor, but simply holding the mop, a reasonable person would exercise caution and avoid stepping onto the floor, at least until they confirmed that it was not slippery and wet. Al-Taie did not act with the prudence of a reasonable

person. Even though he knew that SCBM's employees were mopping the lobby floor, he did not bother to look directly in front of him to see if an employee had mopped or was currently mopping the area he was about to walk on. Instead, he "hug[ged] the wall," ECF No. 24-6 at 12, unreasonably (and incorrectly) assuming that the area closest to the wall would not be wet.

It is immaterial that SCBM failed to display a sign warning that the floor was wet. Al-Taie knew that employees were mopping parts of the lobby floor and he knew that these employees had not displayed "wet floor" warning signs. ECF No. 24-6 at 13. A reasonable person with this knowledge would not have assumed that the floor was dry simply because no "wet floor" signs were present. In addition, a reasonable person would have taken the sight of a person mopping a floor directly in front of them as a warning that they should not walk on that floor because it is slippery. Al-Taie, like Ms. Krombein, "walked where the ordinary reasonable person would fear to tread." *Krombein*, 317 F. Supp. 2d at 19. Accordingly, the Court finds that SCBM has met its burden and is entitled to summary judgment on the issue of contributory negligence. Al-Taie's own negligence contributed to his injury and he is precluded from recovering against SCBM on that basis. Thus, SCBM's Motion to Dismiss is **GRANTED**.

    **C.**    **Assumption of Risk**

"In the District of Columbia, the affirmative defense of assumption of risk presents a complete bar to a plaintiff's recovery." *Krombein*, 317 F. Supp. 2d at 20 (citing *White v. United States*, 780 F.2d 97, 107 n.36 (D.C. Cir. 1986)). Questions of assumption of risk are heavily fact-based and the court will grant summary judgment "only if no real dispute exists as to the plaintiff's awareness of the relevant danger." *Id.* (quoting *Maalouf v. Swiss Confederation*, 208 F. Supp. 2d 31, 42 (D.D.C. 2002)). A critical difference between the doctrines of contributory negligence and assumption of risk is the standard applied to the plaintiff. While an objective,

reasonable person standard is applied in cases of contributory negligence, a subjective plaintiff standard is applied to questions of assumption of risk. *See Weil v. Seltzer*, 873 F.2d 1453, 1548 (D.C. Cir. 1989). Under the assumption of risk standard, a plaintiff's "voluntary decision to proceed in the face of that known risk 'relieve[s] the defendant of any duty which he otherwise owed the plaintiff.'" *Krombein*, 317 F. Supp. 2d at 20 (quoting *Sinai v. Polinger Co.*, 498 A.2d 520, 524 (D.C. 1985)).

SCBM argues that it is entitled to summary judgment because Al-Taie assumed the risk that led to his injury. Al-Taie argues in his cross-motion that he is entitled to summary judgment on the issue of assumption of risk. Although the Court need not address this issue because Al-Taie's contributory negligence already bars him from recovery, the Court will explain why assumption of risk does not apply. There is evidence in the record that Al-Taie did not know that the marble lobby floor was wet. A reasonable person would have known that the marble lobby floor was wet: SCBM's employees were actively mopping it in plain view of anyone near the lobby's front desk. But the reasonable person standard does not apply to the doctrine of assumption of risk. Instead, the Court must determine whether Al-Taie himself knew that the marble lobby floor was wet. He testified that he did not believe the floor was wet. There are reasons to doubt Al-Taie's testimony: his statement that he walked "hugging the wall" suggests that he knew the floor was wet, as does his testimony that he had seen SCBM employees mopping the floor just before he fell. There is also video evidence that shows Al-Taie walking nearby a person holding a mop. But the Court cannot make credibility determinations at this stage. Because there is a dispute about whether Al-Taie knew that the floor was wet, the Court cannot find that Al-Taie was aware of the relevant danger and thereby assumed the risk of walking on the freshly mopped marble floor. *See Krombein*, 317 F. Supp. 2d at 21-22 ("Without

pointing to evidence that the plaintiff subjectively knew of the existence of the risk and appreciated its unreasonable character, defendant Reit will not be able to summarily secure a ruling in its favor on assumption of risk.") (citation omitted).

### III. CONCLUSION

For the reasons set forth in this Memorandum Opinion, Defendant Seven C's Maintenance, Inc.'s Motion for Summary Judgment (ECF No. 24) is **GRANTED IN PART** and **DENIED IN PART**. Al-Taie's Cross Motion for Summary Judgment on the Issue of Assumption of the Risk (ECF No. 25) is **TERMINATED AS MOOT**. An implementing Order will follow. The Clerk will close the case.

Date: <u>August 25, 2021</u>                    <u>        /s/                    </u>
                                                Timothy J. Sullivan
                                                United States Magistrate Judge